Nott, J.,
concurring:
I regard all of tbe evidence produced by tbe claimant, save that certified'by tbe Secretary of tbe Treasury, as utterly incompetent. Thus, exhibit H is an ex parte certificate given by one who, the petition alleges, was chosen to reappraise tbe rent. Thus, exhibit L is proved by an ex parte affidavit made many years before tbis suit was brought. Thus, exhibit K is proved by the informal, undated, unattested certificate of a justice of the peace.
Assuming the facts discussed to be facts proven, the claimant has established a good cause of action, but has shown no damages whatever.
The lease under which the defendants acquired the demised premises reserved a certain rent of $1,500 a month. But, so says the lease, “it is understood, covenanted, and agreed that the United States shall have the privilege, if the Secretary of the Treasury shall require it, at the end of two years from the commencement of the term, and so on from two years to two years during the term, to have an assessment of what shall be a fair, proper, and'reasonable rent for the said houses for the then next ensuing two years.” This assessment was not a fixed condition ; it was a “privilege” of the United, States ; it was to be only “ if the Secretary of the Treasury shall require it.”
The lease from the United States to Hickey contained two agreements on the part of the defendants: 1st, that at the expiration of the two years they were to cause an appraisement of the rent to be made, as provided by the terms of the preceding lease under which they held; 2d, a covenant that the claimant should at all times during the term “ peacefully and quietly have, hold, and enjoy the said demised premises without any manner of let, suit, trouble, or hinderanee of or from the said party of the first part or any other person or persons whomsoever
The defendants broke both of these agreements. The claimant agreed to pay the fixed rent up to the expiration of the two years, and he did so. As between himself and the defendants there was then nothing for him to pay till the appraisement should determine the amount. The claimant kept his agreement and was guilty of no default whatever. He was evicted because the defendants did not keep theirs.
It is'argued that the proceedings for restitution of the *407 premises before a justice of tlie peace bound tbe claimant and now bars bim from questioning tbe rightfulness of the eviction. There are several answers to tbe argument. 1st. Tbe claimant was not bound to resist. He might suffer the eviction, and then bring bis action under the covenant that be should not be molested by “suit.” 2d. The judgment for restitution went by default. Hence tbe fact involved of rent being due cannot be set up as an estoppel. 3d. Tbe defendants here were notified to defend that suit, and appeared for and on behalf of tbe claimant by their district attorney. They suffered the suit to go by default and without notice to the claimant of their withdrawal. The United States are not bound by the wrongful acts of their agents, nor can they take advantage of them. It was this law officer, acting as such, who suffered the default, and from it they can reap no advantage. 4th. If, as the defendants claim, the proceedings of restitution were instituted by Eldridge, not as landlord and owner on the original lease under which the United States held, but merely as assignee of Hickey’s lease and successor of the United States, then the United States were neither parties nor inlvies to the proceeding. They would not have been bound by it if it had gone contrariwise, nor can they bind their covenantee with it when it went against him. 5th. It may be that there was rent due to Eldridge, and that the eviction (as between Eldridge and Hickey) was lawful and just ; but if so, it was because the United States violated their agreement in neglecting to have the rent reappraised. But notwithstanding the justice of the case, no damages can be awarded, for none are shown. The claimant is mistaken in supposing the so-called ubonus” to be the measure of his damages. It was but a deduction from the rent.
As to the second cause of action it falls within the letter of the statute of limitations. It is not a claim which “ accrued six years before the passage” of the act 3d March, 1863, (12 Stat. L., pp. 763, § 10;) yet, is a claim wdiich accrued before the passage of the act. It is one of that anomalous class of cases where, if the statute be construed literally, a claimant may have been left with but a single day wherein to bring suit. The claim accrued in October, 1857; the act passed in March, 1863; the six years from the time the claim accrued expired in October, 1863; the time wherein suit might have been brought extended but from the 3d March to the 1st October. But the *408 literal meaning is against the spirit of tbe act, which, manifestly intended that there should be at least three years allowed to every claim. The statute, however, is not pleaded here; it would be unjust to allow it to be. Judgment upon the merits should be rendered for the claimant.